(No. 78-CC-1534–)

TERRY KULTGEN and NORMAN KULTGEN, d/b/a B & K Enterprises, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 22, 1982.*

CAPWELL, BETHELSEN, NOLDEN & CASANOVA, LTD. (JAMES A. PITTS, of counsel), for Claimants.

TYRONE C. FAHNER, Attorney General (FRANCIS M. DONOVAN, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This claim is for damages allegedly incurred by Claimants as a result of an accident on July 29, 1977. The truck in question was a 1974 White Freightliner tractor-trailer, leased by Claimants.

On the date in question, Mr. Julian Corday, a truck driver who was employed by Claimants, was hauling steel coils on a trip from Portage, Indiana, to Oak Creek, Wisconsin. Corday, who was an experienced driver, was proceeding north on the Dan Ryan Expressway when he noticed that his fuel tank was empty and he attempted to locate a service station. He exited on the westbound Eisenhower Expressway and, while proceeding up the ramp, the engine stalled. The driver then positioned the semi next to the left retaining wall and engaged his emergency brake. In approximately one-half hour, a

Department of Transportation tow truck arrived and offered assistance.

The driver of the tow truck, Ross Cannetello, was an experienced State employee, having spent 17 years with the Department of Transportation driving an emergency patrol vehicle. On the day of the accident, he was accompanied by Edward Pagausch, a trainee with the Department of Transportation. They were in the process of patrolling the expressways on a regular programmed route when they noticed a backup of traffic on the Dan Ryan and discovered Claimants' semi on the ramp.

A short discussion ensued between Cannetello and Corday after which Cannetello decided to tow the semi up the ramp and down a slight incline away from the flow of traffic.

Up to this point, there exists practically no controversy between the parties. Cannetello did take charge of the situation and removed the disabled truck that was impeding the flow of traffic on the highway.

Corday recalls telling Cannetello, "We got some air. We could probably stop it once." Cannetello recalls asking Corday, "if he had enough brake pressure to hold until we were able to get beyond the decline, and he said, yes."

There were several alternatives in which this situation could have been handled; (1) by securing gas to put in the stalled truck which would have necessitated the truck being on the ramp additional time and causing still more traffic congestion; (2) towing the semi with a 15-foot chain; or (3) using a tow bar which was present.

It is Claimants' contention that Respondent, by towing the semi with a 15-foot chain as opposed to the

tow bar, violated section 15—110 of the Illinois Vehicle Code (Ill. Rev. Stat., ch. 95½, par. 15—110) and that said violation was negligence per se.

The statute provides, in part, as follows:

"(a) When one vehicle is towing another, the drawbar or other connection shall be of sufficient strength to pull all the weight towed thereby and the drawbar or other connection shall not exceed 15 feet from one vehicle to the other, except for the connection between any 2 vehicles transporting poles, pipes, machinery or other objects of structural nature which cannot readily be dismembered.

(b) Outside a business, residential or suburban district or on any controlled access highway, no vehicle other than a pole trailer or a semitrailer which is being towed by a truck tractor and is connected by the means of a fifth wheel shall be towed on a roadway except by a drawbar and each such vehicle so towed shall, in addition, be coupled with 2 safety chains or cables to the towing vehicle. Such chains or cables shall be of sufficient size and strength to prevent the towed vehicle parting from the drawing vehicle in case the drawbar should break or become disengaged."

It is Respondent's contention that State employees are exempt from complying with the provision in the statute above cited and, in support of their position, cite the following:

"Unless specifically made applicable, the provisions of this chapter, except those contained in Section 11—204 and Articles IV and V of this chapter, shall not apply to persons, motor vehicles and equipment while actually engaged in work upon a highway . . ."

The question then resolves itself as to whether or not the statute referred to by Claimant does exclude the State and also whether the State was negligent in using the chain instead of the tow bar.

Cannetello determined to tow the semi with a 15-foot chain which he attached to the tractor. The tow truck then pulled the semi up the ramp and as they proceeded down the decline, traveling approximately two miles per hour, the tow truck was unable to keep the chain taut and the semi (which, including the cargo, weighed approximately 70,000 pounds) collided with the tow truck and sustained $3,693.63 worth of damage,

together with lost profits computed by Claimant, and not contested by the Respondent, of $1,223.10. The total claim is in the amount of $4,916.73.

It is Respondent's contention that the proximate cause of the accident was the fact that Claimants ran out of fuel and not the action of the State's employees in using a chain instead of a tow bar.

From the testimony at the hearing, it is evident that Cannetello and Corday were concerned with whether the semi could brake. They were both aware that once a diesel truck shuts down, it is no longer compressing air for the brakes; and they were both aware that when that happens, the diesel has a limited amount of air to be used in connection with any future braking operation.

In order to recover in a suit against the State, a Claimant must prove by a preponderance of the evidence that not only was Respondent negligent, but that Claimant was free from contributory negligence and the Respondent's negligence was the proximate cause of the accident and the damages.

The law in the State of Illinois is well settled that where an individual's alleged negligence does nothing more than furnish a condition by which injury is made possible, and an injury is then caused by a subsequent act of a third person, the two acts are not connected, and the existence of the condition is not considered a proximate cause of the injury. See *Watson v. Byerly Aviation, Inc.* (1972), 7 Ill. App. 3d 662; *Ray v. Cock Robin, Inc.* (1973), 10 Ill. App. 3d 276.

Claimant cites the case of *Barango v. Hedstrom Coal Co.* (1956), 12 Ill. App. 2d 118; 138 N.E.2d 829, wherein the appellate court stated that the prior statute which required two safety chains was remedial and

should be liberally construed. The court held that the statute was a safety measure passed for the benefit and protection of all users of public highways, and explained the duty of a tow truck operator further as follows:

"Irrespective of any statutory requirement, a truck operator engaged in towing another vehicle is performing an act of potential danger to other operators and pedestrians, and persons using a dangerous instrumentality are required to exercise care commensurate with the danger to be apprehended, in order to prevent injury to others." 12 Ill. App. 2d 118, 127, 138 N.E.2d 829, 833.

Claimant states that because the Illinois towbar statute is designed (1) to protect a class of persons to which the Claimant belongs; (2) to protect the particular property interest which was invaded; (3) to protect that interest against the kind of harm which has resulted; and (4) to protect that interest against the particular hazard from which the harm resulted, Cannetello's violation of the statute was negligence *per se*.

It is clear from the record in this cause that after Claimant had parked his truck in such a manner that it was partially out of the traveling area, the Respondent's agent took over. It was the decision of Respondent not to use the tow bar even though one was present, but to use the tow chain, despite the fact the truck was on an incline and despite the fact that it was an extremely heavy vehicle.

It is the Court's opinion that Respondent, having once taken charge of the removal of the vehicle in question, was under the duty to take every precaution necessary to prevent any incidents such as that which occurred.

It is also the Court's opinion that the proximate cause of the accident was the failure of Respondent to use the tow bar, and as a result of said failure, the accident occurred. The Court further believes the Claim-

ant was free from contributory negligence and that the proximate cause of the accident was the act of Respondent.

An award is hereby entered in favor of Claimant in the amount of $4,916.73.